UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
KNOWLEDGE DOWTIN,

**ORDER OF**
**PARTIAL DISMISSAL**
Plaintiff,                    16 CV 6119 (LDH) (LB)

-against-

NEW YORK POLICE COMMISSIONER JAMES
P. O'NEIL; NEW YORK CITY POLICE DETECTIVE
MICHAEL BENNETT; ACTING BROOKLYN
DISTRICT ATTORNEY ERIC GONZALEZ,

Defendants.
------------------------------------------------------------------x
LaSHANN DeARCY HALL, United States District Judge:

Plaintiff Knowledge Dowtin, proceeding pro se, brings the instant action against Defendants, alleging violations of 42 U.S.C. § 1983. Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. As discussed below, Plaintiff's claims against Police Commissioner James P. O'Neill and Acting Brooklyn District Attorney Eric Gonzalez are dismissed. Plaintiff's claim for false arrest will proceed against Detective Michael Bennett.

## BACKGROUND

On January 11, 2016, Plaintiff was arrested by Defendant Bennett and charged with two counts of criminal contempt in the first degree, two counts of aggravated harassment in the second degree, and harassment in the second degree. (Second Am. Compl. 9, attachment 5-A, ECF No. 6.)[1] Plaintiff was arraigned on January 12, 2016. (*Id.*) On July 29, 2016, all charges

---

[1] All citations to pages of the second amended complaint refer to the Electronic Case Filing System ("ECF") pagination. The Court notes that Plaintiff previously submitted a document that was documented as an "amended complaint" on November 14, 2016. (*See* Am. Compl., ECF No. 5.) That amended complaint, however, only differed from the original complaint in that it contained Plaintiff's signature, which had been omitted from the original complaint.

1

against Plaintiff were dismissed. (*Id.*) Plaintiff alleges that he was falsely arrested and denied his right to equal protection under the law. (*Id.* at 4.)

## STANDARD OF REVIEW

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal citation omitted).

Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys, and a court is required to read a pro se plaintiff's complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

In order to maintain an action under 42 U.S.C. § 1983, a plaintiff must allege two essential elements. *First*, "the conduct complained of must have been committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted).

2

*Second*, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* Section 1983 "does not create a federal right or benefit; it simply provides a mechanism for enforcing a right or benefit established elsewhere." *Morris–Hayes v. Bd. of Educ. of Chester Union Free Sch. Dist.*, 423 F.3d 153, 159 (2d Cir. 2005) (citing *Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985)).

Before the Court can reach the issue of whether Plaintiff was deprived of a right, it must first establish that the Defendants were personally involved in the alleged deprivation. Personal involvement of defendants in an alleged constitutional deprivation "is a prerequisite to an award of damages under § 1983." *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). Liability under § 1983 cannot be generally imposed on a supervisor solely based on his position, because there is no respondeat superior or vicarious liability under § 1983. *See, e.g.*, *Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on respondeat superior."). "Personal involvement" may be established by evidence of direct participation by a supervisor in the challenged conduct, or by evidence of a supervisory official's "(1) failure to take corrective action after learning of a subordinate's unlawful conduct, (2) creation of a policy or custom fostering the unlawful conduct, (3) gross negligence in supervising subordinates who commit unlawful acts, or (4) deliberate indifference to the rights of others by failing to act on information regarding the unlawful conduct of subordinates." *Hayut v. State Univ. of New York*, 352 F.3d 733, 753 (2d Cir. 2003).

Here, Plaintiff has not pleaded any facts to demonstrate that either Commissioner O'Neill

or Acting District Attorney Gonzalez were personally involved in any of the violations alleged in the complaint. It appears, rather, that they are named in the complaint because of the particular positions that they occupy in the city government. Without more, however, Plaintiff fails to show that these Defendants had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of his civil right, as required to hold them liable under § 1983. *See Nunez v. City of New York*, No. 14 CV 4182, 2016 WL 1322448, at *6 (S.D.N.Y. Mar. 31, 2016) (finding that plaintiff failed to allege the personal involvement of the District Attorney in the commission of a constitutional violation); *Poulos v. City of New York*, No. 14 CV 3023, 2015 WL 5707496, at *5 (S.D.N.Y. Sept. 29, 2015) (finding that plaintiff failed to allege the personal involvement of the Police Commissioner in the commission of a constitutional violation). Accordingly, Plaintiff's claims against Police Commissioner James P. O'Neill and Acting Brooklyn District Attorney Eric Gonzalez are dismissed. 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

For the foregoing reasons, Plaintiff's claims against Police Commissioner James P. O'Neill and Acting Brooklyn District Attorney Eric Gonzalez are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B). No summons shall issue as to these Defendants. The United States Marshals Service is respectfully requested to serve a copy of the summons, the second amended complaint, and this Order upon Defendant Michael Bennett of the 77th Police Precinct, in Brooklyn, New York, without prepayment of fees. The action is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

_/s/ LDH_____
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
      October 19, 2017